UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WATSON CARPET & FLOOR COVERING, )
INC., )
 )
    Plaintiff, )
 )
        v. ) NO. 3:09-0487
 ) Judge Wiseman/Bryant
MOHAWK INDUSTRIES, INC., ) **Jury Demand**
 )
    Defendant . )

## O R D E R

Defendant Mohawk Industries, Inc. ("Mohawk") has filed its motion to strike the rebuttal report of Plaintiff's expert witness James D. Reitzes (Docket Entry No. 78). Plaintiff has filed a response in opposition (Docket Entry No. 82), and Defendant has filed a reply (Docket Entry No. 86). Plaintiff thereafter filed a sur-reply (Docket Entry No. 89).

The Sixth Circuit Court of Appeals has found that a motion to strike pursuant to Federal Rule of Civil Procedure 12(f) is limited to material contained in pleadings. The Court has stated as follows:

> Under Fed. R. Civ. P. 12(f), a court may strike only material that is contained in the pleadings. Fed. R. Civ. P. 7(a) defines pleadings as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served." Exhibits attached to a dispositive motion are not "pleadings" within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f).

*Fox v. Michigan State Police Dept.*, 173 Fed. Appx. 372, 2006 WL 456008 (6th Cir. Feb. 24, 2006). Similarly, discovery sanctions contained in Rule 37 of the Federal Rules of Civil Procedure authorize "striking" only pleadings. *See* Rule 37(b)(2)(A)(iii).

Upon this authority, the undersigned finds that a written report of an expert witness pursuant to Rule 26(a)(2)(B) is not a pleading and therefore is not subject to being "stricken."

For the foregoing reason, the undersigned Magistrate Judge finds that Defendant's motion to strike the rebuttal expert witness report of James D. Reitzes should be **DENIED** without prejudice to Defendant's right to file a properly supported motion seeking to exclude portions of Mr. Reitzes's testimony from evidence.

The **Clerk** is directed to **TERMINATE** as moot **Defendant's** motion to ascertain status of motion to strike (Docket Entry No. 90).

It is so **ORDERED**.

                                            s/ John S. Bryant
                                            JOHN S. BRYANT
                                            United States Magistrate Judge