UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WATSON CARPET & FLOOR COVERING, )
INC., )
 )
       Plaintiff, ) No. 3:09-0487
 ) Judge Sharp/Bryant
v. ) **Jury Demand**
 )
MOHAWK INDUSTRIES, INC., *et al.*, )
 )
       Defendants )

### O R D E R

Defendant Mohawk has filed its Motion for Leave to Add Expert to Respond to Plaintiff's Damages Calculations (Docket Entry No. 92). Plaintiff Watson has responded in opposition (Docket Entry No. 96). Thereafter, Mohawk has filed a motion for leave to file a reply brief in support of its motion for leave to add expert (Docket Entry 98). This latter motion is **GRANTED**, and the reply has been considered by the undersigned.

For the reasons stated below, the undersigned Magistrate Judge **GRANTS** Mohawk's motion for leave to add an expert witness regarding Watson's calculation of damages.

As grounds for its motion, Mohawk alleges that, despite its best efforts to obtain timely discovery of the facts and rationale underlying Watson's damages claim, Watson failed to produce such discovery until after Mohawk's deadline for disclosing its expert witnesses, thereby depriving Mohawk of the ability to disclose an expert witness to testify about Watson's damages calculations. In its response, Watson argues that (1) the

information necessary to support its damages claim was within the possession of Mohawk and Mohawk failed to produce it in discovery, (2) that Watson therefore was required to obtain this information from nonparties Carpet Den and Metro Carpets, and (3) Watson's damages claim is based upon a simple arithmetic computation and, therefore, Mohawk does not need an expert witness.

Although the parties hotly dispute where any blame should be laid, it does appear to be undisputed that discovery responses relating to Watson's damages claim were not served until long after deadlines for disclosing expert witnesses had expired. It further appears that the District Judge has recently granted Mohawk's motion to continue the trial date and that no new trial date has yet been set.

From all of the foregoing, the undersigned Magistrate Judge finds that Mohawk's motion for leave to add an expert witness regarding the calculation of Plaintiff's damages should be **GRANTED**, and that if Mohawk designates a new expert witness, Watson, thereafter, should be **GRANTED** an opportunity to disclose a rebuttal expert, if it wishes to do so.

Mohawk may disclose any additional expert witness on the issue of Watson's damages and serve an expert witness report on or before **October 17, 2013.** If Mohawk designates such an expert, Watson shall have until **Thursday, November 14, 2013**, within which it may designate a responding expert witness on this issue and

serve its report. The parties may depose any additional expert witnesses so designated on or before **Friday, December 13, 2013.**

It is so **ORDERED.**

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
