UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WATSON CARPET & FLOOR COVERING, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 3:09-0487 |
| | ) | Judge Sharp/Bryant |
| v. | ) ) | **Jury Demand** |
| MOHAWK INDUSTRIES, INC., *et al.*, | ) ) | |
| Defendants | ) | |

## **O R D E R**

Defendant Mohawk Industries, Inc. ("Mohawk") has filed its motion to compel (Docket Entry No. 99), seeking an order requiring Plaintiff Watson Carpet & Floor Covering, Inc. ("Watson") to respond to interrogatory 19 in Mohawk's first set of interrogatories to Watson. Watson has filed a response in opposition (Docket Entry No. 141).

For the reasons stated in this order, the undersigned Magistrate Judge **GRANTS** Mohawk's motion to compel.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides generally that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Watson in this action alleges that Mohawk engaged in a conspiracy to violate federal antitrust laws.

Interrogatory 19 of Mohawk's first set of interrogatories to Watson requires Watson to identify and describe "each act, event, transaction, or occurrence" which Watson claims "constitutes, embodies or was done in furtherance of the alleged

conspiracy," to include the date, place and participants in each such act, event, transaction or occurrence.

In response, Watson initially objected to this interrogatory on grounds that it exceeded the limit of 25 interrogatories allowed by the rules and on the ground that this interrogatory is "overly broad and unduly burdensome" (Docket Entry No. 99-1 at 13). Apparently, after further discussions between counsel, Watson has abandoned its objection based upon the 25-interrogatory limit, but it stands on its objection that this interrogatory is overly broad and unduly burdensome.

In its response in opposition to Mohawk's motion to compel, Watson explains that its conspiracy allegations in this action are based upon "the exact same 1998 conspiracy that was at issue in the prior lawsuit," (Docket Entry No. 141 at 2), by which Watson refers to an earlier state court action filed by Watson against Mohawk and others in 1999. Watson asserts that this state court lawsuit, following extensive discovery, went to trial in July 2004. The trial of that case allegedly generated a trial transcript of almost 2,000 pages and involved 27 witnesses and 32 trial exhibits as well as almost 2,000 pages of deposition transcript and affidavits, as well as thousands of documents exchanged during discovery. Watson maintains that a response to interrogatory 19 would require Watson to pore through the trial transcripts and the discovery from this earlier state action and to describe each "act,

event, transaction or occurrence" contained therein in order to answer Mohawk's interrogatories. Watson urges that requiring it to do so would be unduly burdensome, since Mohawk was a party to the earlier state court action and participated fully in discovery and the trial in that case.

Interestingly, in its response Watson includes the following statement: "Although a properly framed interrogatory requesting that Plaintiff identify acts carried out in furtherance of the conspiracy <u>since</u> the 2004 trial, i.e., the 2005, 2006 and 2007 refusals to sell by Mohawk, would be proper, Plaintiff should not be required to review the entire record in the prior lawsuit in an attempt to respond to this interrogatory" (Docket Entry No. 141 at 2-3). Despite this concession by Watson that this interrogatory would have been "properly framed" if limited to events since the 2004 trial of the state court action involving the parties, Watson nevertheless has apparently declined to provide an interrogatory response so limited.

Watson makes no argument that the acts, events, transactions or occurrences upon which it bases its claim of conspiracy are not "relevant to any party's claim or defense." Accordingly, the undersigned Magistrate Judge finds that Mohawk's motion to compel should be **GRANTED**, and that Watson shall file a substantive response to interrogatory 19. However, Watson may, if it wishes, respond with respect to those matters tried in the 2004

trial of the state court action by incorporating the record from that trial by reference. With respect to any facts since this 2004 trial upon which Watson bases its claim of conspiracy, it shall serve a substantive response to interrogatory 19 on or before **October 4, 2013**.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge