UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WATSON CARPET & FLOOR COVERING, )
INC., )
 )
      Plaintiff, )   No. 3:09-0487
 )   Judge Sharp/Bryant
v. )   **Jury Demand**
 )
MOHAWK INDUSTRIES, INC., *et al.*, )
 )
      Defendants )

### MEMORANDUM AND ORDER

      Plaintiff Watson Carpet & Floor Covering, Inc. ("Watson") has filed its motion to compel discovery (Docket Entry No. 100) seeking an order requiring Defendant Mohawk Industries, Inc. ("Mohawk") to serve an additional response to Request No. 3 in Plaintiff's sixth request for production of documents. This request seeks records called "comparison sales reports" "for all regions in Defendant's company from 2003 through 2012." In response, Mohawk has objected to this request on the grounds that it is "over broad and unduly burdensome in both time and geographic scope," but Mohawk further states that it "will produce documents related to the potentially relevant time period and geographic area to the extent such documents exist."

      In its memorandum in support of its motion, Watson states that Mohawk has already produced comparison sales reports for the dealers in the Nashville area for the years 2003 through 2012, and that Watson "is satisfied with the time frame for which the reports have been produced, and does not seek an order compelling the

production of such reports for earlier years" (Docket Entry No. 115 at 2). Watson does, however, seek an order compelling Mohawk to produce such comparison sales reports for all its other sales districts throughout the United States for the years 2003 through 2012. Watson further argues that Mohawk's objection based upon the undue burden of producing the requested reports lack merit because certain of Mohawk's witnesses testified in depositions that the data necessary to create these reports can be derived from Mohawk's archive and backup data tapes by means of certain modifications in its record-keeping computer system (Docket Entry No. 115 at 4-6).

In response, Mohawk opposes Watson's motion to compel on four grounds: (1) the subject comparison sales reports are not within Mohawk's "possession, custody, or control," and the scope of Rule 34 does not require Mohawk to create reports that do not currently exist; (2) the geographic scope of Watson's request is "vastly over broad"; (3) the time and expense required to create the reports that Watson seeks would be unduly burdensome; and (4) Watson has admitted that the comparison sales report for the Nashville sales area that Mohawk has already produced are sufficient.

Rule 34(a)(1) of the Federal Rules of Civil Procedure provide that a party responding to a request for production must produce documents or information "in the responding party's possession, custody, or control." Courts have consistently

2

interpreted the scope of Rule 34(a)(1) to be limited to materials within the possession, custody or control of the parties upon whom the request is made. *Oates v. Target Corp.*, 212 WL 6608752 at *2 (E.D. Mich. Dec. 18, 2012); *Beil v. Lakewood Eng'g and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). Specifically, a request for production cannot require the responding parties to "create" documents that are not already in existence. *Alli v. Estate of Savitz*, 2008 WL 3915147 at *2 (E.D. Mich. Aug. 20, 2008) (citing *Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co.*, 576 F. Supp. 511, 513 (W.D. Pa. 1983); *Retail Ventures, Inc. v. National Union Fire Ins. Co.*, 2000 U.S. Dist. LEXIS 83425 at *6-7, 2007 WL 3376831 (S.D. Ohio Nov. 8, 2007).

It appears from the record that there is no dispute that the additional comparison sales report that Watson seeks by its motion do not presently exist, but would need to be created by extracting historical data from archive and backup data storage maintained by Mohawk.[1] Watson argues that deposition testimonies of Mohawk witnesses demonstrate that the requested documents could be created relatively quickly and inexpensively by trained information technology personnel familiar with Mohawk's computer system. Mohawk

---

[1]Mohawk states in its response in opposition that in an unsuccessful attempt to avoid a discovery dispute it did, with considerable effort, recreate and produce to Watson the comparison sales reports for the Nashville market area for the years 2003 through 2010. However, Mohawk asserts that the cost in time and expense of recreating such reports for the entire United Sates, including 50+ sales districts, would be unduly burdensome.

3

strenuously contests this conclusion, and argues that the requested reports could only be created, if at all, after substantial expenditures of time and money by Mohawk's IT personnel.

The undersigned Magistrate Judge finds, in consideration of the authorities cited above, that Rule 34 does not require Mohawk to create these requested reports when they do not presently exist and, therefore, that Watson's motion to compel production must be **DENIED**. In addition, the undersigned Magistrate Judge finds from the motion papers of the parties that the argument for which Watson seeks these additional comparison sales reports – that Mohawk's professed reason for declining to sell Portico carpet to Watson is pretextual – can be made from the comparison sales report for the Nashville market area that have already been produced by Mohawk to Watson.

For the reasons stated above, the undersigned Magistrate Judge finds that Watson's motion to compel (Docket Entry No. 100) should be **DENIED**.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge